1

2

3

4

5

6

7                IN THE UNITED STATES DISTRICT COURT

8               WESTERN DISTRICT OF WASHINGTON

9   HOLLY REIN,

10                          Plaintiff,          Civil Case No. 2:19-cv-00522

11              v.                              STIPULATED PROTECTIVE ORDER

12   THRIFTY PAYLESS, INC., d/b/a RITE AID
     PHARMACY, and RITE AID LEASE
13   MANAGEMENT COMPANY, d/b/a RITE
     AID,
14
                             Defendants.
15
     THRIFTY PAYLESS, INC., d/b/a RITE AID
16   PHARMACY, and RITE AID LEASE
     MANAGEMENT COMPANY, d/b/a RITE
17   AID,

18                     Third-Party Plaintiffs,

19              v.

20   DURO HILEX POLY, LLC, a Delaware
     corporation,
21
                    Third-Party Defendants.
22

23
        1.    PURPOSES AND LIMITATIONS
Page 1 -  STIPULATED PROTECTIVE ORDER

Hodgkinson    1620 SW Taylor
Street        Suite 350
              Portland, OR 97205
Mepham, LLC   (503) 222-1143
              (503) 222-1296 (fax)

1    Discovery in this action is likely to involve production of confidential, proprietary, or

2   private information for which special protection may be warranted. Accordingly, the parties hereby

3   stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

4   acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

5   protection on all disclosures or responses to discovery, the protection it affords from public

6   disclosure and use extends only to the limited information or items that are entitled to confidential

7   treatment under the applicable legal principles, and it does not presumptively entitle parties to file

    confidential information under seal.

8    2.    "CONFIDENTIAL" MATERIAL

9        "Confidential" material shall include the following documents and tangible things

10   produced or otherwise exchanged: Records regarding the purchase or sale of a company and

11   commercially sensitive business information or data which is not publicly known and cannot be

    ascertained from an inspection of publicly available documents, materials or devices. By way of

12   example only, "Confidential Information" may include trade secrets, customer lists, know-how,

13   proprietary data, design and manufacturing information, or employment, marketing, contract,

14   financial, or negotiated information, or other similarly sensitive information which the Designating

15   Party either maintains in confidence or as to which the unprotected disclosure might result in

16   economic or competitive injury, and which is not publicly known and cannot be ascertained from

    an inspection of publicly available documents, materials, or devices.

17   3.    SCOPE

18       The protections conferred by this agreement cover not only confidential material (as

19   defined above), but also (1) any information copied or extracted from confidential material; (2) all

20   copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

21   conversations, or presentations by parties or their counsel that might reveal confidential material.

22       However, the protections conferred by this agreement do not cover information that is in

23   the public domain or becomes part of the public domain through trial or otherwise.

Page 2 -  STIPULATED PROTECTIVE ORDER

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

1   4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

2        4.1     Basic Principles. A receiving party may use confidential material that is disclosed

3   or produced by another party or by a non-party in connection with this case only for prosecuting,

4   defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

    categories of persons and under the conditions described in this agreement. Confidential material

5   must be stored and maintained by a receiving party at a location and in a secure manner that ensures

6   that access is limited to the persons authorized under this agreement.

7        4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

8   by the court or permitted in writing by the designating party, a receiving party may disclose any

9   confidential material only to:

10        (a)     the receiving party's counsel of record in this action, as well as employees

    of counsel to whom it is reasonably necessary to disclose the information for this litigation;

11        (b)     the officers, directors, and employees (including in house counsel) of the

12   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

13   agree that a particular document or material produced is for Attorney's Eyes Only and is so

14   designated;

15        (c)     experts and consultants to whom disclosure is reasonably necessary for this

16   litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d)     the court, court personnel, and court reporters and their staff;

17        (e)     copy or imaging services retained by counsel to assist in the duplication of

18   confidential material, provided that counsel for the party retaining the copy or imaging service

19   instructs the service not to disclose any confidential material to third parties and to immediately

20   return all originals and copies of any confidential material;

21        (f)     during their depositions, witnesses in the action to whom disclosure is

22   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

23   (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

Page 3 -  STIPULATED PROTECTIVE ORDER

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

1   transcribed deposition testimony or exhibits to depositions that reveal confidential material must
2   be separately bound by the court reporter and may not be disclosed to anyone except as permitted
3   under this agreement;

4           (g)     the author or recipient of a document containing the information or a
    custodian or other person who otherwise possessed or knew the information.

5       4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or
6   referencing such material in court filings, the filing party shall confer with the designating party,
7   in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will
8   remove the confidential designation, whether the document can be redacted, or whether a motion
9   to seal or stipulation and proposed order is warranted. During the meet and confer process, the
    designating party must identify the basis for sealing the specific confidential information at issue,
10
    and the filing party shall include this basis in its motion to seal, along with any objection to sealing
11
    the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and
12
    the standards that will be applied when a party seeks permission from the court to file material
13
    under seal.  A party who seeks to maintain the confidentiality of its information must satisfy the
14
    requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.
15  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with
16  the strong presumption of public access to the Court's files.

17  5.      <u>DESIGNATING PROTECTED MATERIAL</u>

18      5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party
    or non-party that designates information or items for protection under this agreement must take
19
    care to limit any such designation to specific material that qualifies under the appropriate
20  standards. The designating party must designate for protection only those parts of material,
21  documents, items, or oral or written communications that qualify, so that other portions of the
22  material, documents, items, or communications for which protection is not warranted are not swept
23  unjustifiably within the ambit of this agreement.

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

2    shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

3    unnecessarily encumber or delay the case development process or to impose unnecessary expenses

4    and burdens on other parties) expose the designating party to sanctions.

5    If it comes to a designating party's attention that information or items that it designated for

6    protection do not qualify for protection, the designating party must promptly notify all other parties

     that it is withdrawing the mistaken designation.

7    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

8    agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

9    ordered, disclosure or discovery material that qualifies for protection under this agreement must

10   be clearly so designated before or when the material is disclosed or produced.

11   (a)    <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and

     deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

12   the designating party must affix the word "CONFIDENTIAL" to each page that contains

13   confidential material. If only a portion or portions of the material on a page qualifies for protection,

14   the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate

15   markings in the margins).

16   (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties

17   and any participating non-parties must identify on the record, during the deposition or other pretrial

     proceeding, all protected testimony, without prejudice to their right to so designate other testimony

18   after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the

19   transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or

20   exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information

21   at trial, the issue should be addressed during the pre-trial conference.

22   (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place

23   on the exterior of the container or containers in which the information or item is stored the word

Page 5 -  STIPULATED PROTECTIVE ORDER

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

1  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

2  the producing party, to the extent practicable, shall identify the protected portion(s).

3      5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

4  designate qualified information or items does not, standing alone, waive the designating party's

5  right to secure protection under this agreement for such material. Upon timely correction of a

   designation, the receiving party must make reasonable efforts to ensure that the material is treated

6  in accordance with the provisions of this agreement.

7  6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8      6.1  <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

9  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

10  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

11  burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

12  challenge a confidentiality designation by electing not to mount a challenge promptly after the

   original designation is disclosed.

13      6.2  <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

14  regarding confidential designations without court involvement. Any motion regarding confidential

15  designations or for a protective order must include a certification, in the motion or in a declaration

16  or affidavit, that the movant has engaged in a good faith meet and confer conference with other

17  affected parties in an effort to resolve the dispute without court action. The certification must list

   the date, manner, and participants to the conference. A good faith effort to confer requires a face-

18  to-face meeting or a telephone conference.

19      6.3  <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

20  intervention, the designating party may file and serve a motion to retain confidentiality under Local

21  Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

22  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

23  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

Page 6 -  STIPULATED PROTECTIVE ORDER

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

1 other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

2 the material in question as confidential until the court rules on the challenge.

3 7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

4 LITIGATION

5    If a party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL," that party

6 must:

7        (a)    promptly notify the designating party in writing and include a copy of the

8 subpoena or court order;

9        (b)    promptly notify in writing the party who caused the subpoena or order to

10 issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this agreement. Such notification shall include a copy of this agreement; and

11

12        (c)    cooperate with respect to all reasonable procedures sought to be pursued by

the designating party whose confidential material may be affected.

13 8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14    If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

15 material to any person or in any circumstance not authorized under this agreement, the receiving

16 party must immediately (a) notify in writing the designating party of the unauthorized disclosures,

(b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

17 person or persons to whom unauthorized disclosures were made of all the terms of this agreement,

18 and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be

19 Bound" that is attached hereto as Exhibit A.

20 9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

21 MATERIAL

22    When a producing party gives notice to receiving parties that certain inadvertently

23 produced material is subject to a claim of privilege or other protection, the obligations of the

Page 7 - STIPULATED PROTECTIVE ORDER

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

1   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2   is not intended to modify whatever procedure may be established in an e-discovery order or

3   agreement that provides for production without prior privilege review. The parties   agree to the

4   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5   10.   <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

     Within 60 days after the termination of this action, including all appeals, each receiving

6   party must return all confidential material to the producing party, including all copies, extracts and

7   summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

8        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

9   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

10  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

11  product, even if such materials contain confidential material.

     The confidentiality obligations imposed by this agreement shall remain in effect until a

12  designating party agrees otherwise in writing or a court orders otherwise.

13       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14  DATED: ____Jan. 7, 2021____

15      Jason Schauer, WSBA No. 30344
    The Schauer Law Offices

16      918 S. Horton St., Ste. 916
    Seattle, WA 98134-1949

17      P: (206) 420-7112
    F: (206) 402-4778

18      jason@schauerlawoffices.com
    *Of Attorneys For Plaintiff*

19

DATED:_____

20      Jessica Lancaster, WSBA No. 55998
    Chock Barhoum LLP

21      121 SW Morrison Street, Suite 415
    Portland, OR 97204

22      P: (503) 223-3000
    F: (503) 954-2231

23      jessica.lancaster@chockbarhoum.com
    *Of Attorneys For Defendants/Third-Party*
    *Plaintiffs Thrifty Payless, Inc., dba Rite Aid*

Page 8 - STIPULATED PROTECTIVE ORDER

Hodgkinson Street Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

1   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2   is not intended to modify whatever procedure may be established in an e-discovery order or

3   agreement that provides for production without prior privilege review. The parties   agree to the

4   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

    10.   NON TERMINATION AND RETURN OF DOCUMENTS

5         Within 60 days after the termination of this action, including all appeals, each receiving

6   party must return all confidential material to the producing party, including all copies, extracts and

7   summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

8         Notwithstanding this provision, counsel are entitled to retain one archival copy of all

9   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

10  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

11  product, even if such materials contain confidential material.

          The confidentiality obligations imposed by this agreement shall remain in effect until a

12  designating party agrees otherwise in writing or a court orders otherwise.

13                IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14  DATED: _____

15                                                _____
                                                  Jason Schauer, WSBA No. 30344
16                                                The Schauer Law Offices
                                                  918 S. Horton St., Ste. 916
17                                                Seattle, WA 98134-1949
                                                  P: (206) 420-7112
18                                                F: (206) 402-4778
                                                  jason@schauerlawoffices.com
19                                                *Of Attorneys For Plaintiff*

20  DATED:_____1/7/2021_____

                                                  _____
21                                                Jessica Lancaster, WSBA No. 55998
                                                  Chock Barhoum LLP
22                                                121 SW Morrison Street, Suite 415
                                                  Portland, OR 97204
23                                                P: (503) 223-3000
                                                  F: (503) 954-2231
                                                  jessica.lancaster@chockbarhoum.com
                                                  *Of Attorneys For Defendants/Third-Party*
                                                  *Plaintiffs Thrifty Payless, Inc., dba Rite Aid*

Page 8 -  STIPULATED PROTECTIVE ORDER

1

2    DATED: _____1/8/2021_____          /s/ David S. Mepham
                                                _____
3                                               David S. Mepham, WSB No. 21087
                                                Hodgkinson Street Mepham, LLC
                                                1620 SW Taylor, Ste. 350
4                                               Portland, OR 97205
                                                dsm @hs-legal.com
5                                               P: (503) 222-1143
                                                F: (503) 222-1296
6                                               Of Attorneys for Third-Party Defendant
                                                Duro Hilex Poly, LLC

7
        PURSUANT TO STIPULATION, IT IS SO ORDERED
8
        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any
9
   documents in this proceeding shall not, for the purposes of this proceeding or any other federal or
10
   state proceeding, constitute a waiver by the producing party of any privilege applicable to those
11
   documents, including the attorney-client privilege, attorney work-product protection, or any other
12
   privilege or protection recognized by law.

13

14   Dated this 11th day of January, 2021.

15

16                                              _____
                                                The Honorable Barbara J. Rothstein
17                                              United States District Court Judge

18

19

20

21

22

23

Page 9 -  STIPULATED PROTECTIVE ORDER

Hodgkinson
Street
Mepham, LLC        1620 SW Taylor
                   Suite 350
                   Portland, OR 97205
                   (503) 222-1143
                   (503) 222-1296 (fax)

1

EXHIBIT A

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I, _____ [print or type full name], of

4

_____ [print or type full address], declare under penalty of

5

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6

issued by the United States District Court for the Western District of Washington on [date] in the

7

case of *Holly Rein, Plaintiff, v. Thrifty Payless, Inc., d/b/a Rite Aid Pharmacy, and Rite Aid Lease*

8

*Management Company, d/b/a Rite Aid, Defendants/Third-Party Plaintiffs, v. Duro Hilex Poly,*

9

*LLC, a Delaware corporation, Third-Party Defendant; USDC Western District of Washington*

10

*Case No. 2:19-cv-00522 BJR*. I agree to comply with and to be bound by all the terms of this

11

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

12

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

13

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

14

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15

Order, even if such enforcement proceedings occur after termination of this action.

16

Date: _____

City and State where sworn and signed: _____

17

Printed name: _____

18

Signature: _____

19

20

21

22

23

Hodgkinson
Street
Mepham, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)