UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY REIN,<br><br>        *Plaintiff*,<br><br>        v.<br><br>THRIFTY PAYLESS, INC., d/b/a RITE AID PHARMACY, and RITE AID LEASE MANAGEMENT COMPANY, d/b/a RITE AID,<br><br>        *Defendants*,<br><br>THRIFTY PAYLESS, INC., d/b/a RITE AID PHARMACY, and RITE AID LEASE MANAGEMENT COMPANY, d/b/a RITE AID,<br><br>        *Third-Party Plaintiffs*,<br><br>        v.<br><br>DURO HILEX POLY, LLC, a Delaware corporation,<br><br>        *Third-Party Defendant* | CASE NO. 2:19-cv-00522-BJR<br><br>ORDER (1) DENYING RITE AID'S MOTION FOR SUMMARY JUDGMENT; (2) GRANTING IN PART AND DENYING IN PART DURO'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DURO'S MOTION FOR SPOLIATION SANCTIONS; (4) DENYING RITE AID'S MOTION TO AMEND PLEADINGS; AND (5) STRIKING DURO'S MOTION TO STRIKE EXPERT TESTIMONY AS MOOT |

## I.  INTRODUCTION

Before the Court are five motions:

1

    (1) Defendants and Third-Party Plaintiffs Thrifty Payless, Inc. and Rite Aid Lease Management Company's (collectively "Rite Aid") Motion for Summary Judgment seeking dismissal of Plaintiff Holly Rein's claims, Dkt. No. 66 ("Rite Aid's Mot.");

    (2) Third-Party Defendant Duro Hilex Polly, LLC's ("Duro") Motion for Summary Judgment seeking dismissal of Rite Aid's third-party claims, Dkt. No. 68 ("Duro's Mot.");

    (3) Duro's Motion for Spoliation Sanctions, Duro's Mot. at 8–13;

    (4) Rite Aid's Motion to Amend Pleadings, Dkt. No. 77 ("Mot. to Am."); and

    (5) Duro's Motion to Strike the testimony of Rite Aid's expert Bradley W. Probst, Dkt. No. 86 ("Mot. to Strike").[1]

Having reviewed the Motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court rules as follows.

## II. BACKGROUND

### A. Factual Background

On January 24, 2016, Plaintiff purchased several large items at a Rite Aid in West Seattle, which the cashier placed into a single bag. First Am. Compl., Dkt. No. 34 ¶ 3.1 ("Am. Compl."); *see also* Decl. of Ramon Henderson, Ex. 7, Dkt. No. 69-2 at 37:5–25 (Dep. of Holly Rein, hereinafter "Rein Dep."). As she attempted to open her car door in the parking lot after exiting the store, the bag broke, sending a wine bottle she purchased to the ground where it shattered. Am. Compl. ¶ 3.1. Plaintiff claims she instinctively attempted to catch the bottle as it fell, but instead

---

[1] Both Rite Aid and Duro have requested oral argument. *See* Rite Aid's Mot. at 1; Duro's Mot. at 1; Mot. to Am. at 1; Mot. to Strike at 1. The Court finds that oral argument is unnecessary as it is able to decide the Motions on the briefs. *See* Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument"); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("a district court can decide [a motion for summary judgment] without oral argument if the parties can submit their papers to the court").

was cut by flying shards of glass. *Id.* Plaintiff drove herself to the emergency room where she was treated, but claims severe and lasting injury to her hand. *Id.* ¶ 3.2. Prior to the accident, Plaintiff was a law enforcement officer and she claims that the injury to her hand effectively ended her career. *Id.* ¶ 3.3.

### B. Procedural History

On October 29, 2018, Plaintiff filed suit in King County Superior Court. Compl., Dkt. No. 1-1. Rite Aid then removed the matter to this Court on April 10, 2019. Notice of Removal, Dkt. No. 1. On August 13, 2019, she filed her operative complaint against Rite Aid advancing one claim of Negligence. Am. Compl. ¶ 4.1. Plaintiff advances no claims against Duro, the producer of the bag. *See* Pl.'s Resp. and Opp'n to Def. and Third-Party Pl. Rite Aid's Mot. for Summ. J. and Opp'n to Third-Party Def. Duro Hilex Poly's Mot. for Summ. J. and Spoliation Sanction, Dkt. No. 71 at 9 ("Pl.'s Resp.").

In response, Rite Aid filed a third-party complaint against Duro advancing causes of action for (1) Products Liability under Revised Code of Washington § 7.72.030(1) for design defects and inadequate warnings or instructions; (2) common law Indemnity; and (3) Contribution. Rite Aid's Am. Third-Party Compl., Dkt. No. 49 ¶¶ 11–22 ("Rite Aid's Third-Party Compl."). Duro answered and asserted counter-claims against Rite Aid for Contribution and Indemnity. Duro's Answer, Affirmative Defenses, and Countercl. to Rite Aid's Am. Third-Party Compl., Dkt. No. 50 ¶¶ 48–52.

### III.  DURO'S MOTION FOR SPOLIATION SANCTION

Duro seeks spoliation sanctions against both Plaintiff and Rite Aid for failing to save the bag which broke in Plaintiff's hand (or an exemplar bag from the same batch), so that it would be

available for examination. Duro's Mot. at 8–13.

### A. Legal Standard

District Courts have "inherent power . . . to levy sanctions in response to abusive litigation practices" including despoiling evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006); *see also Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Spoliation constitutes the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Ghorbanian v. Guardian Life Ins. Co. of Am.*, No. 14-cv-1396, 2017 WL 1543140, at *2 (W.D. Wash. Apr. 28, 2017) (quoting *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009)). Sanctions can include dismissal of an action in the harshest of instances, *see Leon*, 464 F.3d at 958, but, in lesser circumstances, the ability to order exclusion of disputed evidence or the "power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior[,]" *Glover*, 6 F.3d at 1329 (citing *Akiona v. United States*, 938 F.2d 158 (9th Cir. 1991)).

In determining whether spoliation occurred, the Court looks at three factors: (1) whether the party with control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the evidence was destroyed with a "culpable state of mind;" and (3) that the destroyed evidence was "relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Ghorbanian*, 2017 WL 1543140, at *2 (quoting *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012)); *see also Mason v. Washington*, No. 17-cv-186, 2019 WL 414504, at *1 (W.D. Wash. Feb. 1, 2019). To determine the appropriate sanction in the case of spoliation, the Court considers: (1) the degree of fault of the spoliating party; (2) the prejudice suffered by the opposing party; and (3) whether there is a lesser

sanction that will avoid substantial unfairness to the opposing party. *Ghorbanian*, 2017 WL 1543140, at *2 (citing *Apple*, 888 F. Supp. 2d at 992).

**B. Discussion**

According to the evidence presented by the parties, Plaintiff's bag failed in such a way that the handles disconnected from the main body of the bag, sending the bottom portion to the ground. *See* Duro's Mot. at 4; Rein Dep. at 37:10–16. Immediately after the accident, in the rush to treat Plaintiff and get her to the hospital, the bottom section of the bag was not retained. Rein Dep. at 55:16–17, 150:8–10. Plaintiff managed to save the two handles which detached, but claims that they were mistakenly thrown out sometime later by an errant housecleaner while she and her husband were on vacation. *Id.* at 53:10–54:12; *see also* Decl. of Holly Rein, Dkt. No. 72 ¶ 3. All that remains of the handles are two pictures. *See* Decl. of Ramon Henderson, Ex. 1, Dkt. No. 69-1 at 11–12 (pictures).

The Court finds that spoliation sanctions are not warranted. First, there is no evidence of malfeasance or ill-intent in Plaintiff's failure to retain the two handles. *See* Pl.'s Resp. at 9–10. It is fortunate in the first instance that Plaintiff retained them after the accident, given her rush to the hospital. She then managed to document them in two photographs, which have been provided to both Rite Aid and Duro. Plaintiff's accident occurred over five years ago. To have misplaced two strips of paper bag over the course of so much time is unfortunate for the case, but does not constitute a sanctionable offense.

Furthermore, there is no indication of bad faith on Rite Aid's part. The reaction to throw away a wet, torn paper bag with broken glass in a parking lot is understandable. In addition, the parties have been able to identify the make and model of bag in question through discovery,

indicating that it was a 1/7 barrel size, handled paper bag, product number 21395, item number 0461076 produced by Duro.  Def./Third-Party Pl. Rite Aid's Resp. to Third-Party Def. Duro's Mot. for Summ. J. and Mot. for Spoliation Sanction, Dkt. No. 79 at 5 ("Rite Aid Resp. to Duro's Mot.").  Both Rite Aid and Duro's experts have had the opportunity to evaluate the same type of bag.  *See* Decl. of Jessica Lancaster, Ex. 3, Dkt. No. 80-1 at 7 (Expert Report of Duro's Expert Exponent); Suppl. Decl. of Ramon Henderson, Ex. 13, Dkt No. 87-1 at 11 (Expert Report of Rite Aid's Expert Bradley W. Probst, hereinafter "Suppl. Probst Report").  As such, any prejudice suffered is minimal.

Based on the foregoing, the Court denies Duro's Motion for Spoliation Sanctions.

### IV.   MOTIONS FOR SUMMARY JUDGEMENT

#### A.  Legal Standard

Pursuant to FRCP 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Under this standard, a fact is "material" where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material facts is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  Overall, there is no genuine issue for trial where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In reviewing a motion for summary judgment, the Court is required to "view the facts and draw reasonable inferences in the light most favorable to the [nonmoving] party." *VHT, Inc. v.*

*Zillow Grp., Inc.*, 461 F. Supp. 3d 1025, 1034 (W.D. Wash. 2020), *opinion clarified*, No. 15-cv-1096, 2021 WL 913034 (W.D. Wash. Mar. 10, 2021) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)). In doing so, the Court "may not weigh evidence or make credibility determinations" as these are functions for the jury. *Id.* (citing *Anderson*, 477 U.S. at 255).

The moving party "bears the initial burden of establishing the absence of a genuine issue of material fact." *Withey v. Fed. Bureau of Investigation*, 477 F. Supp. 3d 1167, 1171 (W.D. Wash. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party does not bear the ultimate burden of persuasion at trial, as neither Rite Aid nor Duro do in regards to their Motions, they may fulfill their initial burden (1) by producing evidence negating an essential element of the nonmoving party's case, or (2) by showing that the nonmoving party lacks evidence of an essential element of its claim or defense. *VHT*, 461 F. Supp. 3d at 1034 (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000)). If the moving party is able to make its initial showing, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Withey*, 477 F. Supp. 3d at 1171 (quoting *Matsushita Elec.*, 475 U.S. at 587).

**B. Rite Aid's Motion for Summary Judgment**

Plaintiff's bases her claim for Negligence against Rite Aid on her contention that the clerk who rung up her items negligently overloaded the single bag she was given, causing it to fail. *See* Am. Compl. ¶ 3.1. To succeed on her Negligence claim, Plaintiff must establish the familiar elements of (1) duty, (2) breach, (3) injury, and (4) causation. *Meyers v. Ferndale Sch. Dist.*, No. 98280-5, 481 P.3d 1084, 2021 WL 822221, at *2 (Wash. 2021).

Rite Aid moves for summary judgment arguing Plaintiff cannot establish the elements of

breach or proximate cause as its cashier did not improperly overload the bag Plaintiff was carrying. Rite Aid's Mot. at 3–4. In support of this argument, Rite Aid has produced the expert testimony of Mr. Probst, who tested the same model of bag as Plaintiff was carrying and concluded that the items placed therein did not exceed the maximum allowable load the bag could tolerate. *See* Suppl. Probst Report at 11.

In opposition, Plaintiff claims there is at least a question of fact as to whether Rite Aid's clerk overloaded the bag, or should have double bagged, given the number and weight of the items she purchased. Pl.'s Resp. at 5–9. In support of this argument, Plaintiff relies on the testimony of the cashier who rang up her items and stated that, given the items she purchased, he would now consider it appropriate to double bag her purchase. *See id* at 5–9; *see also, e.g.*, Decl. of Jason H. Schauer, Ex. D, Dkt. No. 73 at 41:10–15 (Dep. of Rite Aid Cashier Kyle Hall: "Q. so if this happened today, you would see there's two bottles of wine, there's a six-pack of large bottled waters, and several other items, you would ask the customer if they wanted more than one bag? A. Today, yes.").

The evidence presented raises questions of fact precluding summary judgment. First, the supplemental report of Mr. Probst demonstrates a factual question as to how the accident occurred and how Plaintiff received her injuries. *See* Suppl. Probst Report at 10–11 (concluding that the laws of physics contradict Plaintiff's version of events that she cut her hand while attempting to grab the bottle as it fell because it would have been impossible to react quickly enough to attempt to catch the bottle with the same hand which was moments before holding the handles of the bag). Second, based on the conflict between the testimony of the Rite Aid cashier as to bagging practices and Mr. Probst's conclusion that the bag was not overly packed, a question of fact remains as to

how and why the bag failed and the handles detached.

As such, the Court denies Rite Aid's Motion for Summary Judgment.

### C. Duro's Motion for Summary Judgment

*1. Legal Standard for Products Liability Claims*

Duro's Motion for Summary Judgment seeks dismissal of Rite Aid's products liability claims regarding design defect and inadequate warnings. *See* Duro's Mot. at 2.

Washington's Products Liability Act ("WPLA") "creates a single cause of action for product-related harms that supplants previously existing common law remedies." *Wash. Water Power Co. v. Graybar Elec. Co.*, 774 P.2d 1199, 1207 (Wash. 1989) (en banc). Within this single cause of action, the statute provides several theories under which a claimant can advance a WPLA claim, including (1) design defect, WASH. REV. CODE § 7.72.030(1)(a); (2) failure to warn, *id.* § 7.72.030(1)(b)–(c); (3) defective manufacturing, *id.* § 7.72.030(2)(a); or (4) breach of express or implied warranty, *id.* § 7.72.030(2)(b); *see also Staub v. Zimmer, Inc.*, No. 17-cv-0508, 2017 WL 2506166, at *2 (W.D. Wash. June 9, 2017). In the present matter, Rite Aid has alleged products liability claims based only on design defect and failure to warn. Rite Aid's Third-Party Compl. ¶¶ 11–18.

In order to establish a defective design claim, a claimant must show (1) a defect existed in the product when it left the manufacturer's hands; (2) the defect was unknown to the consumer or user; (3) the defect rendered the product's intended use unreasonably dangerous; and (4) the defect proximately caused the claimant's injury. *City of Seattle v. Monsanto Co.*, 237 F. Supp. 3d 1096, 1107–08 (W.D. Wash. 2017) (citing *Novak v. Piggly Wiggly Puget Sound Co.*, 591 P.2d 791, 794 (Wash. Ct. App. 1979); *Lunsford v. Saberhagen Holdings, Inc.*, 106 P.3d 808, 810 (Wash. Ct. App.

2005)). To establish a failure to warn claim, a claimant must show "a product without a manufacturing defect is nonetheless unreasonably dangerous in the hands of the user absent adequate warnings." *Monsanto*, 237 F. Supp. 3d at 1108 (citing *Novak*, 591 P.2d at 795).

   2. *Discussion*

Duro claims dismissal of Rite Aid's claims is warranted as Rite Aid has failed to produce evidence to suggest Plaintiff's bag contained a defect, through either design or insufficient warnings. Duro's Mot. at 14–17. Rite Aid counters that summary judgment is inappropriate claiming there is at least a question of fact as to whether the bag failed despite not being overly filled. Rite Aid Resp. to Duro's Mot. at 7–10.

As stated in the section examining Rite Aid's Motion for Summary Judgment against Plaintiff, there is a question of fact surrounding why the bag failed. *See supra* at 8–9. This question of fact precludes summary judgment on Rite Aid's design defect claim against Duro. At the same time, Rite Aid has presented no evidence to support an inadequate warnings claim. The basis of its claim is that the bag failed to perform properly because of a design defect by breaking in Plaintiff's hand. This is contradictory to a failure to warn claim which involves establishing that a product was unreasonably dangerous *despite the lack of a design defect* because of a failure to warn of the product's danger. Simply put, there is no evidence that a brown paper bag is inherently unreasonable dangerous without a warning.

The Court, therefore, grants Duro's Motion for Summary Judgment on Rite Aid's inadequate warnings theory but denies summary judgment as to Rite Aid's design defect theory.

**V.     DURO'S MOTION TO STRIKE THE TESTIMONY OF RITE AID'S EXPERT BRADLEY W. PROBST**

Duro moves to preclude consideration of the testimony and opinions for the purpose of

summary judgment of Rite Aid's expert witness Bradley W. Probst regarding products liability. *See* Mot. to Strike at 1–6. As the Court has resolved Duro's Motion for Summary Judgment without reference to these opinions and testimony, the Court strikes as moot Duro's Motion to Strike.

### VI. RITE AID'S MOTION TO AMEND PLEADINGS

#### A. Legal Standard

Since amended pleadings in this matter were due September 5, 2019, the Court evaluates Rite Aid's Motion to Amend under FRCP 16's good cause standard. Order Setting Trial Date & Related Dates, Dkt. No. 31 at 1; FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) ("Where . . . a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under [FRCP] 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a).").

The "central inquiry" of the good cause standard is "whether the requesting party was diligent in seeking the amendment." *DRK Photo*, 870 F.3d at 989; *see also Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 609–10 (9th Cir. 1992). "If [the] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *see also Doe v. Trump*, 329 F.R.D. 262, 272 (W.D. Wash. 2018).

#### B. Discussion

Rite Aid seeks leave to amend (1) its Answer to Plaintiff's First Amended Complaint, (2) its Third-Party Complaint, and (3) its Answer to Duro's Counterclaims. Specifically, Rite Aid seeks to add (1) a defense of Spoliation against Plaintiff, (2) a claim for Contractual Indemnity

11

against Duro; and (3) a defense of Comparative Fault against Duro. Mot. to Am. at 4.

The Court will deny leave to amend as to all three requests, finding that Rite Aid has failed to show good cause in seeking these amendments. Simply put, Rite Aid has demonstrated no justification for failing to plead claims for Spoliation, Contractual Indemnity, and Comparative Fault earlier despite the fact that these issues have been present in this case since its first filing.

In addition, as the Court has already determined that spoliation sanctions against Plaintiff are not warranted in this matter, Rite Aid's proposed amendment to add a defense of Spoliation would be futile. *See supra* at 5–6.[2]

Rite Aid's request to add an affirmative defense of Comparative Fault will be denied for an additional reason. Rite Aid's Third-Party Complaint against Duro already includes a claim for Contribution, which states that "[i]f Rite Aid is found liable to Plaintiff, Rite Aid is entitled to contribution from Third-Party Defendant for its proportionate share of fault." Rite Aid's Third-Party Compl. ¶ 22. Now, Rite Aid would like to amend its Answer to Duro's counterclaims to add an affirmative defense of Comparative Fault, or, as it seeks to add, "[s]ome of [Duro]'s claims are barred by its own comparable fault." Mot. to Amend, Ex. C, Dkt. No. 77-3 at 2 (Rite Aid's Proposed Amended Answer and Affirmative Defenses to Duro's Counterclaims).

Washington's contributory fault scheme provides that "[i]n an action based on fault . . . any contributory fault chargeable to the claimant diminishes proportionately the amount awarded

---

[2] The Court also notes, as pointed out by Duro, that spoliation is not an affirmative defense, but, rather, a sanction for discovery and evidentiary violations. *See Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co.*, 520 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007); *Aspen Am. Ins. Co. v. Interstate Warehousing, Inc.*, 372 F. Supp. 3d 709, 725 (N.D. Ind. 2019) (quoting *Cummerlander v. Patriot Preparatory Academy*, No. 13-cv-0329 2013 WL 5969727 (S.D. Ohio 2013)) ("there is no free-standing tort claim for spoliation under federal common law").

as compensatory damages for an injury attributable to the claimant's contributory fault." WASH. REV. CODE § 4.22.005. Therefore, Washington law establishes a right of contribution, stating that it "exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them." *Id.* ¶ 4.22.040(1). The "basis for contribution" is then established as "the comparative fault of each such person." *Id.* Finally, the scheme establishes the means of attributing comparative fault by stating that "all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages." *Id.* § 4.22.070(1). Thus, Rite Aid's requested amendment would be redundant as Comparative Fault is merely the means used to determine contribution, which Rite Aid has already pled.

As such, Washington's statutory scheme already utilizes a comparative fault scheme without the need for Rite Aid to plead it. The Court, therefore, denies Rite Aid's Motion to Amend Pleadings.

## VII.   CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

(1) Rite Aid's Motion for Summary Judgment is DENIED;

(2) Duro's Motion for Summary Judgment as to Rite Aid's inadequate warnings products liability claim is GRANTED;

(3) Duro's Motion for Summary Judgment as to Rite Aid's design defect products liability claim is DENIED;

(4) Duro's Motion for Spoliation Sanctions is DENIED;

(5) Rite Aid's Motion to Amend Pleadings is DENIED; and

(6) Duro's Motion to Strike Expert Testimony is STRICKEN as MOOT.

DATED this 14th day of April, 2021.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE