UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HOLLY REIN,<br><br>    *Plaintiff,*<br><br>v.<br><br>THRIFTY PAYLESS, INC., d/b/a RITE AID PHARMACY, and RITE AID LEASE MANAGEMENT COMPANY, d/b/a RITE AID,<br><br>    *Defendants,*<br><br>THRIFTY PAYLESS, INC., d/b/a RITE AID PHARMACY, and RITE AID LEASE MANAGEMENT COMPANY, d/b/a RITE AID,<br><br>    *Third-Party Plaintiffs*,<br><br>v.<br><br>DURO HILEX POLY, LLC, a Delaware corporation,<br><br>    *Third-Party Defendant* | CASE NO. 2:19-cv-00522-BJR<br><br>ORDER DENYING THIRD PARTY DURO HILEX POLY, LLC'S MOTION FOR RECONSIDERATION OF ITS MOTION FOR SUMMARY JUDGMENT |

    Before the Court is Third-Party Defendant Duro's Motion seeking reconsideration of the

1

Court's denial of Duro's Motion for Summary Judgment as to Third-Party Plaintiff Rite Aid's design defects claim against Duro. Dkt. No. 101. In that Order, the Court set forth the background of this case and will not repeat it here. *See* Dkt. No. 97 at 2–3 ("April 14 Order").

In its current Motion, Duro asks for reconsideration of the Court's conclusion that a question of fact persists as to how, or why, the paper bag in this case broke causing injuries to Plaintiff Holly Rein. Duro's Motion relies on arguments already advanced before this Court in its Motion for Summary Judgment. More particularly, Duro argues Rite Aid has failed to put forward sufficient facts to support a design defects claim. *See* Dkt. No. 68 at 7–16 (Duro's Motion for Summary Judgment).

Pursuant to the Western District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Further, this Court's Standing Order provides that Motions for Reconsideration that "reassert prior arguments . . . will be summarily denied." Dkt. No. 32 at 3.

Duro's Motion presents no intervening legal or factual authority and, instead, relies on "error of fact." Dkt. No. 101 at 1. Applying the summary judgment standard that assumes all disputed facts in favor of the non-moving party, the Court found that Rite Aid had produced sufficient evidence as to its design defect theories related to insufficient glue or handle fastenings to present a question of fact for the jury. While Rite Aid's supporting evidence was slim, enough was present to preclude summary judgment.

As the Motion merely reasserts facts and arguments before the Court on summary

2

judgment, the Court hereby DENIES the Motion.

SO ORDERED.

DATED this 3rd day of May, 2021.

                                                            /s/ Barbara J. Rothstein
                                                           BARBARA J. ROTHSTEIN
                                                           UNITED STATES DISTRICT JUDGE