Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| HOLLY REIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 2:19-cv-00522−BJR |
| | ) | |
| v. | ) | **THIRD AMENDED JOINT** |
| | ) | **PRETRIAL STATEMENT** |
| THRIFTY PAYLESS, INC., d/b/a RITE AID | ) | |
| PHARMACY, and RITE AID LEASE | ) | |
| MANAGEMENT COMPANY, d/b/a RITE | ) | |
| AID, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## Third Amended Joint Pretrial Statement

Holly Rein ("Plaintiff"), Thrifty Payless, Inc. dba Rite Aid Pharmacy and Rite Aid Lease Management Company dba Rite Aid ("Rite Aid Defendants" or "Rite Aid") (collectively, the "parties") submit the following joint pretrial statement per Judge Rothstein's standing orders and August 24, 2020 order.

### A. Statement of Case

Plaintiff alleges that on January 24, 2016, her Rite Aid paper bag broke in the parking lot, causing a bottle of wine in the bag to break as it hit the ground. Plaintiff alleges she cut her hand on the bottle while attempting to catch the falling wine. Plaintiff alleges Rite Aid was negligent in loading the bag. Rite Aid denies it was negligent in loading the bag and denies it caused any alleged

injuries to Plaintiff. Rite Aid alleges Plaintiff was at fault for causing her damages and that Plaintiff failed to mitigate any damages.

**B.  Stipulated Facts**

On January 24, 2016, Plaintiff purchased the following items:

  8.45 fl. oz. bottle of shampoo

  8.45 fl. oz. bottle of conditioner

  3.8 fl. oz. bottle of Dove spray deodorant

  3.5 oz. box of sour patch kids candy

  1 Liter of kiwi strawberry bottled water

  17 pack of 8 ½ inch paper plates

  6-pack of 16.9 fl. oz. bottled water

  750 mL bottle of Hogue wine

  500 mL cardboard box of wine

On January 24, 2016, Rite Aid employee Kyle Hall assisted Plaintiff Holly Rein with check out and bagged her items. Kyle Hall placed the above listed items into a single paper bag for Plaintiff. After she purchased her items, Plaintiff injured her hand in the parking lot of Rite Aid.

**C.  Designation of Depositions and Objections Thereto**

None.

**D.  Itemization of damages and a summary of other relief requested.**

Plaintiff claims the following per her statement of damages:

| | |
|---|---|
| Non-Economic Damages: | $3,000,000.00 |
| Medical Expenses | $    35,993.15 |
| Broken Property | $      5,000.00 |
| Wage/Career Loss | $2,000,000.00 |
| Total Damages Claimed: | $5,040,993.15 |

**E.  A summary of any pending Motions in Limine and the opposition thereto.**

Resolved at June 2, 2021 conference.

/ / /

**F.  Settlement Negotiations**

The parties mediated this case with Darby Ducomb on May 27, 2021 and were unable to reach a settlement agreement.

**G.  Estimated Length of Trial**

The parties anticipate trial will last 4-5 days.

**H.  Witnesses**

Attached.

**I.  Exhibits**

Attached.

**J.  Jury Instructions**

Attached.

**K.  Verdict Form**

Attached.

**L.  Questions For Voir Dire.**

Attached.

DATED this 14th day of June 2021.

**THE SCHAUER LAW OFFICES**

*/s/ Jason H. Schauer*

Jason H. Schauer, WSBA 3034
    Attorney for Plaintiff

**CHOCK BARHOUM LLP**

John R. Barhoum, WSBA No. 42776
    Attorneys for Defendants Rite Aid

**Plaintiff's Proposed Witnesses**

| | Name | Expected Testimony | Objection |
|---|---|---|---|
| 1. | Holly Rein, Plaintiff | Plaintiff, Holly Rein, is expected to testify regarding the injury to her hand, the facts and circumstances surrounding, and the losses resulting. | |
| 2. | Julien Burchfield, Plaintiff's Fiancée | Mr. Burchfield is expected to testify regarding Plaintiff's injuries and losses of enjoyment of life. | |
| 3. | Dallas Rein, Plaintiff's Daughter | Dallas is expected to testify regarding Plaintiff's injuries and losses of enjoyment of life. | Rite Aid Objects 403: cumulative |
| 4. | Candace Rein, Plaintiff's Daughter | Candace is expected to testify regarding Plaintiff's injuries and losses of enjoyment of life. | Rite Aid Objects 403: cumulative |
| 5. | Dakota Rein, Plaintiff's Daughter | Candace is expected to testify regarding Plaintiff's injuries and losses of enjoyment of life. | Rite Aid Objects 403: cumulative |
| 6. | Dr. Vertaj Singh, Plaintiff's Medical Expert | Dr. Singh is expected to testify regarding his qualifications as an expert witness and Plaintiff's injuries, causation of her injuries, the reasonableness and necessity of the care and treatment Plaintiff received, and the potential future medical treatment needed, if any. | |
| 7. | Dr. William Clark, Surgeon that performed surgery on Plaintiff's hand | Dr. Clark is expected to testify regarding his qualifications, his treatment of Plaintiff, Plaintiff's injuries, the reasonableness and necessity of the care and treatment Plaintiff received, and the potential future medical treatment needed, if any. | |
| 8. | Dr. Geanne Olson, Plaintiff's Primary Care Physician | Dr. Olson is expected to testify regarding her qualifications, her treatment of Plaintiff, Plaintiff's injuries, the reasonableness and necessity of the care and treatment Plaintiff received, and the potential future medical treatment needed, if any. | |
| 9. | Kyle Hall Rite-Aid Store Clerk | Mr. Hall is expected to testify regarding his memory of the events in question including loading the bag at issue and Rite Aid training and policy regarding bag loading. | |

| 10. Erin MacDonald | Ms. MacDonald is expected to testify regarding Rite Aid's bag purchasing and prior litigation involving bags | |
|---|---|---|

**Rite Aid's Proposed Witnesses**

| | | |
|---|---|---|
| 1. Kyle Hall<br>Rite-Aid Store Clerk | Mr. Hall is expected to testify regarding his memory of the events in question including loading the bag at issue and Rite Aid training and policy regarding bag loading. | |
| 2. Jessica Chafe | Ms. Chafe is expected to testify regarding Rite Aid policies regarding bagging. | |
| 3. Erin MacDonald | Ms. MacDonald is expected to testify regarding Rite Aid's bag purchasing and prior litigation involving bags. Ms. MacDonald is expected to testify that this is the only instance of a customer complaining of a broken bag. | |
| 4. Brad Probst, Expert Biomechanist | Mr. Probst is expected to testify regarding his qualifications as an expert witness his opinions on his review of witness testimony and medical records provided in this case as well as his investigation and analysis of the facts surrounding the subject incident and may offer testimony as to his findings. Testimony anticipated is regarding Plaintiff's claimed damages, including the mechanism and causation of any injuries sustained. | |
| 5. Erin Murphy, Ph.D., expert Polymer Science and Materials Chemistry | Dr. Murphy is expected to testify regarding the bag material and strength. | |
| 6. Christopher Olch, Expert Orthopedist | Dr. Olch is expected to testify regarding his qualifications as an expert witness and Plaintiff's claims of injury, causation of any injuries sustained, the care rendered to Plaintiff, Plaintiff's prognosis/damages, the reasonableness and necessity of the care and treatment received, and the potential future medical treatment needed, if any. | |
| 7. Seattle Police Department Officer Jesse Cahill | It is anticipated that Officer Cahill will testify regarding the events related to the 911 call he responded to at Ms. Rein and Mr. Burchfield's address in November 2018. | |
| 8. Seattle Police Department Records Custodian | It is anticipated that the Seattle Police Department Records Custodian will testify regarding the report made by Officer Cahill regarding the 911 call at Ms. Rein and Mr. Burchfield's address in November 2018. | |

**Joint Exhibits**

| | |
|---|---|
| 1. | Plaintiff's Plenti Card Receipt for Incident Date |
| 2. | Photos of handles |
| 3. | Photos of hand injury |
| 4. | Highline Medical Center Records |
| 5. | Franciscan Medical Clinic Records |
| 6. | Proliance Southwest Seattle Orthopedics Records |
| 7. | Highline Hand Therapy Records |
| 8. | Seattle Spine and Sport Records |
| 9. | PACLAB Medical Records |
| 10. | Picture of plaintiff's healed hand |
| 11. | Plaintiff's Termination Letter for Abuse of Sick Leave |
| 12. | Seattle Police General Offense Report No. 18-424755 |
| 13. | Seattle Municipal Court Order to Surrender, Forfeit, Destroy, or Release Firearms and Declaration of Non-surrender |
| | Exemplar paper bag (demonstrative) |
| | Exemplar items described in receipt (demonstrative) |
| | |

Rite Aid Proposed Exhibit

1. Seattle Counseling Services Records  - Pl Objects 403 relevance

**Stipulated Jury Instructions**

Contents

1.    WPI 1.01 - Advance Oral Instruction – Beginning Proceedings                                    8
2.    WPI 1.02 - Conclusion of Trial—Introductory Instruction                                       16
3.    WPI 1.07 - Corporations and Similar Parties                                                   19
4.    WPI 2.10 - Expert Witness                                                                     20
5.    WPI 2.13 - Insurance                                                                          21
6.    WPI 120.05 Business Invitee Definition                                                        22
7.    WPI 120.06.01 Duty of Business Proprietor to Customer                                         23
8.    WPI 120.07 Liability to Business or Public Invitee -Condition Not Created by the Owner or Occupier   24
9.    WPI 10.01 - Negligence—Adult—Definition                                                       25
10.   WPI 10.02 - Ordinary Care—Adult—Definition                                                    26
11.   WPI 15.01 - Proximate Cause—Definition                                                        27
12.   WPI 15.04 - Negligence of Defendant Concurring with Other Causes                              28
13.   WPI 21.01 - Meaning of Burden of Proof—Preponderance of the Evidence                          29
14.   NCMI 1.3 - Duty of Jury                                                                       30
15.   NCMI 1.9 - What is Evidence                                                                   31
16.   NCMI 1.10 - What is Not Evidence                                                              32
17.   NCMI 1.12 - Direct and Circumstantial Evidence                                               33
18.   NCMI 1.14 - Credibility of a Witness                                                          34
19.   NCMI 2.13 - Expert Opinion                                                                    35
20.   NCMI 1.6 - Burden of Proof – Preponderance of the Evidence                                    36
21.   WPI 11.01 - Contributory Negligence—Definition                                               37
22.   WPI 11.07 - Determining the Degree of Contributory Negligence                                 38
23.   WPI 110.10 - Assumption of Risk—Contributory Negligence                                       39
24.   NCMI 5.1 - Damages—Proof                                                                      40
25.   NCMI 5.4 - Damages Arising in the Future—Discount to Present Cash Value                        41
26.   NCMI 3.1 - Duty to Deliberate                                                                 42
27.   NCMI 3.5 - Return of Verdict                                                                  43
28.   NCMI 4.1 - Corporations and Partnerships—Fair Treatment                                       44
29.   WPI 33.02 - Avoidable Consequences—Failure to Secure Treatment                                45
30.   WPI 30.02.01 - Measure of Economic and Noneconomic Damages—Personal Injury—Contributory
Negligence—No Counterclaim                                                                         46
31.   WPI 30.07.01 - Measure of Economic Damages—Elements of Past Damages—Medical Expenses          47
32.   WPI 30.08.02 - Elements of Future Damages—Loss of Earnings—Adult Plaintiff                     48
33.   WPI 30.09.02 - Measure of Economic Damages—Elements of Future Damages—Domestic
Services/Nonmedical Expenses                                                                       49

1.      **WPI 1.01 - Advance Oral Instruction – Beginning Proceedings**

<u>Part I (Before prospective jurors are questioned)</u>

You are here because we are at the beginning of a jury trial in a civil case. The first stage of the trial is jury selection, which is sometimes called voir dire.

The purpose of this process is to make sure that we select a jury that is free from any outside or pre-existing bias that might interfere with the jury's ability to fairly decide the case based on the evidence and the law that you receive in this courtroom.

The court clerk is *[Mr.] [Ms.]*_____. The clerk's job is to mark and handle exhibits and other significant papers.

[The court reporter is *[Mr.] [Ms.]*_____. It is the court reporter's job to take verbatim notes of the proceedings.]

Now, I would like to introduce the case, the parties and counsel to you. Any case in the court system has a title or caption to it. The first named party is denominated the plaintiff and that is the party that has instituted the lawsuit. The other named parties are denominated the defendants and it is the defendants' role to defend against the claims brought by the plaintiff. In this case, the title or caption is *Holly Rein v. Thrifty Payless, Inc. cba Rite Aid Pharmacy and Rite Aid Lease Management Company dba Rite Aid.* Thrifty Payless Inc. dba Rite Aid Pharmacy and Rite Aid Lease Management Company dba Rite Aid may be collectively referred to as the Rite Aid Defendants. The plaintiff is visible on screen and is represented by Jason Schauer. Please introduce yourselves. Rite Aid are represented by Jessica Lancaster and John Barhoum.  Please introduce yourselves. Pleas introduce yourself.

This trial is taking place over Zoom, and will be recorded. All of the proceedings are preserved to create a "court record."

(The judge now provides a brief and neutral summary of the claims and defenses of each party.)

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender, or disability

of any party, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial These are called "conscious biases"—and, when answering questions, it is important, even if uncomfortable for you, to share these views with the lawyers.

However, there is another more subtle tendency at work that we must all be aware of. This part of human nature is understandable but must play no role in your service as jurors. In our daily lives, there are many issues that require us to make quick decisions and then move on. In making these daily decisions, we may well rely upon generalities, even what might be called biases or prejudices. That may be appropriate as a coping mechanism in our busy daily lives but bias and prejudice can play no part in any decisions you might make as a juror. Your decisions as jurors must be based solely upon an open-minded, fair consideration of the evidence that comes before you during trial.

In a moment, I am going to ask you some background questions and the lawyers will also have a chance to follow up with some questions of their own. Most importantly, you are to look within yourselves and see if there is anything there in your life experiences or your personal beliefs that might be such a strong influence that it would overcome your ability to serve as a fair and impartial juror. These questions may sometimes involve issues that are sensitive for you. If you are uncomfortable answering any particular question in front of the other jurors, please let me know or notify the bailiff. We may then discuss other ways to handle this question.

Before any questions are asked, an oath or affirmation will be administered. All of your answers must be open, honest, and forthright. At this time, I ask that you raise your right hand, and [I] [the clerk] will administer this oath.

"Do you solemnly swear or affirm that you will truthfully answer such questions as may be asked of you by the court or the attorneys concerning your qualifications to act as jurors in this case? [Please respond.]"

When jurors are given the job of resolving a dispute like this, they do it by applying what is called the burden of proof. Burden of proof refers to the measure or amount of evidence required

to prove a fact. In this case, the burden of proof is proof by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. If a proposition has been shown to be more likely than not true, there is a preponderance of evidence in favor of that proposition. This is a lower burden than that of proof beyond a reasonable doubt-the standard applied in a criminal trial.

During your deliberations, you must apply the law to the facts that you find to be true. It is your duty to accept the law from my instructions, regardless of what you personally believe the law is or what you think it ought to be. You are to apply the law you receive from my instructions to the facts and in this way decide the case.

(The judge then explains the procedure for jury selection and jury selection is conducted.)

<u>Part II (After jury is selected)</u>

I will now say a few words about the role and function each of us plays during a jury trial. Jury selection is important but what jurors say in jury selection is not evidence. From this point forward, it is essential that all of your decisions be based upon the evidence and the law that come to you in this courtroom and only in this courtroom.

You must not allow yourself to be exposed to any outside information about this case. Do not permit anyone to discuss or comment about it in your presence, and do not remain within hearing of such conversations. This includes electronic conversations as well as oral ones. You must keep your mind free of outside influences so that your decision will be based entirely on the evidence presented during the trial and on my instructions to you about the law.

Until you are dismissed at the end of this trial, you must avoid outside sources such as newspapers, magazines, blogs, the internet, or radio or television broadcasts that may discuss this case or issues involved in this trial. If you start to hear or read information about anything related to the case, you must act immediately so that you no longer hear or see it. By giving this instruction I do not mean to suggest that this particular case is newsworthy; I give this instruction in every case.

During the trial, do not try to determine on your own what the law is. Do not seek out any evidence on your own. Do not consult dictionaries or other reference materials. Do not conduct any research into the facts, the issues, or the people involved in this case. This means you may not use Google or other internet search engine or any other internet resources to look into anything at all related to this case. Here, we are conducting this trial online, but you must still avoid using any outside sources to investigate or research any of the facts or issues in this case. Do not inspect the scene of any event involved in this case. If your ordinary travel will result in passing or seeing the location of any event involved in this case, do not stop or try to investigate. You must keep your mind clear of anything that is not presented to you in this courtroom.

During the trial, do not provide information about the case to other people, including any of the lawyers, parties, witnesses, your friends, members of your family, or members of the media. If necessary, you may tell people (such as your employer or your child's daycare provider) that you are a juror and let them know when you need to be in court. If people ask you for more details, you should tell them that you are not allowed to talk about the case until it is over.

I want to emphasize that the rules prohibiting discussions include your electronic communications. You must not send or receive information about anything related to the case by any means, including by text messages, email, telephone, internet chat, blogs, or social networking web sites. Do not even mention being on a jury when using social media, such as updating your status on Facebook or sending a message on Twitter. You don't want to do anything that will invite others to talk to you about your jury duty.

In short, do not communicate with anyone, by any means, concerning what you see or hear in the courtroom, and do not try to find out more about anything related to this case, by any means, other than what you learn in the courtroom. These rules ensure that the parties will receive a fair trial. If you have any questions about these restrictions, please contact [the bailiff] [(insert other appropriate staff person)].

If you become exposed to any information other than what you learn in the courtroom, that could be grounds for a mistrial. A mistrial would mean that all of the work that you and your fellow jurors put into this trial will be wasted. Re-trials are costly and burdensome to the parties and the public. Also, if you communicate with others in violation of my orders, you could be fined or held in contempt of court.

After you have delivered your verdict, you will be free to do any research you choose and to share your experiences with others.

Remember that all phones, laptops, and other communication devices, other than the one you are using to attend this virtual trial and deliberations, must be turned off while you are in court and while you are in deliberations. You are instructed not to browse or use any other applications other than Zoom while in trial.

I want to comment on one other aspect of your role and that is the importance of keeping an open mind throughout the various stages of these proceedings. The trial has a sensible order to it as each side presents and develops its position.

First: The lawyers will have an opportunity to make opening statements outlining the testimony of witnesses and other evidence that they expect to be presented during trial.

Next: The plaintiff will present the testimony of witnesses or other evidence to you. When the plaintiff has finished, the defendant may present the testimony of witnesses or other evidence. Each witness may be cross-examined by the other side.

Next: When all of the evidence has been presented to you, I will instruct you on what law applies to this case. I will read the instructions to you out loud. You will have the written instructions with you in the virtual jury room during your deliberations.

Next: The lawyers will make closing arguments.

Finally: You will be entered into a virtual jury room by the bailiff where you will select a presiding juror. The presiding juror will preside over your discussions of the case, which are called deliberations. You will then deliberate in order to reach a decision, which is called a "verdict."

During your deliberations, you must apply the law that I provide to you in my instructions to the facts that you find to have been proven.

Until you are in deliberations, you must make sure you are maintaining open minds. If you were to form premature opinions about the case, this would interfere with your ability to get the benefit of each of the subsequent stages.

The attorneys' role is to represent and advocate for the positions of their respective clients. The lawyers' remarks, statements, and arguments are intended to help you understand the evidence and apply the law. However, the lawyers' statements are not evidence or the law. The evidence is the testimony and the exhibits. The law is contained in my instructions. You must disregard anything the lawyers say that is at odds with the evidence or the law in my instructions.

You may hear objections made by the lawyers during trial. Each party has the right to object to questions asked by another lawyer. These objections should not influence you. Do not make any assumptions or draw any conclusions based on a lawyer's objections.

When there is an objection, it is my job to rule on it. One of my duties as judge is to decide whether or not evidence should be admitted during this trial. What this means is that I must decide whether or not you should consider evidence offered by the parties. For example, if a party offers a photograph as an exhibit, I will decide whether it is admissible. Do not be concerned about the reasons for my rulings. You must not consider or discuss any evidence that I do not admit or that I tell you to disregard.

Our state constitution prohibits a trial judge from making a comment on the evidence. For example, it would be improper for me to express my personal opinion about the value of a particular witness's testimony. Although I will not intentionally do so, if it appears to you that I have indicated my personal opinion concerning any evidence, you must disregard that opinion entirely. The reason for this constitutional rule is that it is solely the role of the jurors to weigh and evaluate the evidence in the case.

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning. You may ask questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you ask any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question to determine if it is legally proper.

There are some questions that I will not ask, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a juror's question, or if I rephrase it, do not attempt to speculate as to the reasons and do not discuss this circumstance with the other jurors.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

All proceedings in this trial are recorded through electronic means. Deliberating juries are rarely, if ever, given access to transcripts or recordings of trial testimony. For this reason, you must pay close attention as the testimony is being presented.

The related point is that you are allowed to take notes during trial. I am not instructing you to take notes, nor am I encouraging you to do so. Taking notes may interfere with your ability to listen and observe. If you choose to take notes, I must remind you to listen carefully to all testimony and to carefully observe all witnesses.

If you chose to take notes, be sure to safeguard them so that no one else can read them, and do not leave them in a public location.

You must not discuss your notes with anyone or show your notes to anyone until you begin deliberating on your verdict. This includes other jurors. During deliberation, you may discuss your notes with the other jurors or show your notes to them.

You are not to assume that your notes are necessarily more accurate than your memory. I am allowing you to take notes to assist you in remembering clearly, not to substitute for your memory. You are also not to assume that your notes are more accurate than the memories or notes of the other jurors.

After you have reached a verdict, you must destroy your notes. No one will be allowed to read them.

Now that you have been empaneled as jurors, you need to take another oath. Please stand and raise your right hand and [I] [the clerk] will administer this oath.

"Do you solemnly swear or affirm that you will well and truly try this case and render a true verdict based upon the evidence and the law? Please respond."

Having taken your oath as jurors, you are now what the law officers of this court. As such, you must not let your emotions overcome your rational thought process. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

To assure that all parties receive a fair trial, you must act impartially with an earnest desire to reach a just and proper verdict.

Thank you for your willingness to serve this court and our system of justice.

### 2.      WPI 1.02 - Conclusion of Trial—Introductory Instruction

It is your duty to decide the facts in this case based upon the evidence presented to you during this trial. It also is your duty to accept the law as I explain it to you, regardless of what you personally believe the law is or what you personally think it should be. You must apply the law from my instructions to the facts that you decide have been proved, and in this way decide the case.

The evidence that you are to consider during your deliberations consists of the testimony that you have heard from witnesses, and the exhibits that I have admitted, during the trial. If evidence was not admitted or was stricken from the record, then you are not to consider it in reaching your verdict.

Exhibits may have been marked by the court clerk and given a number, but they are not something you may consider during your deliberations unless they have been admitted into evidence. The exhibits that have been admitted will be available to you in the virtual jury room.

In order to decide whether any party's claim has been proved, you must consider all of the evidence that I have admitted that relates to that claim. Each party is entitled to the benefit of all of the evidence, whether or not that party introduced it.

You are the sole judges of the credibility of each witness, and of the value or weight to be given to the testimony of each witness. In assessing credibility, you must avoid bias, conscious or unconscious, including bias based on religion, ethnicity, race, sexual orientation, gender or disability.

In considering a witness's testimony, you may consider these things: the opportunity of the witness to observe or know the things they testify about; the ability of the witness to observe accurately; the quality of a witness's memory while testifying; the manner of the witness while

testifying; any personal interest that the witness might have in the outcome or the issues; any bias or prejudice that the witness may have shown; the reasonableness of the witness's statements in the context of all of the other evidence; and any other factors that affect your evaluation or belief of a witness or your evaluation of his or her testimony.

One of my duties has been to rule on the admissibility of evidence. Do not be concerned during your deliberations about the reasons for my rulings on the evidence. If I have ruled that any evidence is inadmissible, or if I have asked you to disregard any evidence, then you must not discuss that evidence during your deliberations or consider it in reaching your verdict.

The law does not permit me to comment on the evidence in any way. I would be commenting on the evidence if I indicated my personal opinion about the value of testimony or other evidence. Although I have not intentionally done so, if it appears to you that I have indicated my personal opinion, either during trial or in giving these instructions, you must disregard it entirely.

The comments of the lawyers during this trial are intended to help you understand the evidence and apply the law. However, it is important for you to remember that the lawyers' remarks, statements, and arguments are not evidence. You should disregard any remark, statement, or argument that is not supported by the evidence or the law as I have explained it to you.

You may have heard objections made by the lawyers during trial. Each party has the right to object to questions asked by another lawyer and may have a duty to do so. These objections should not influence you. Do not make any assumptions or draw any conclusions based on a lawyer's objections.

As jurors, you have a duty to consult with one another and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of all of the evidence with your fellow jurors. Listen to one another carefully. In the course of your deliberations, you should not hesitate to re-examine your own views and to change your opinion based upon the evidence. You should not surrender your honest convictions about the value or significance of evidence solely because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

As jurors, you are officers of this court. You must not let your emotions overcome your rational thought process. You must reach your decision based on the facts proved to you and on the law given to you, not on sympathy, prejudice, or personal preference. To assure that all parties receive a fair trial, you must act impartially with an earnest desire to reach a proper verdict.

Finally, the order of these instructions has no significance as to their relative importance. They are all important. In closing arguments, the lawyers may properly discuss specific instructions, but you must not attach any special significance to a particular instruction that they may discuss. During your deliberations, you must consider the instructions as a whole.

### 3.      WPI 1.07 - Corporations and Similar Parties

The law treats all parties equally whether they are corporations, business entities, or individuals. This means that corporations, business entities, and individuals are to be treated in the same fair and unprejudiced manner.

### 4.     WPI 2.10 - Expert Witness

A witness who has special training, education, or experience may be allowed to express an opinion in addition to giving testimony as to facts.

You are not, however, required to accept his or her opinion. To determine the credibility and weight to be given to this type of evidence, you may consider, among other things, the education, training, experience, knowledge, and ability of the witness. You may also consider the reasons given for the opinion and the sources of his or her information, as well as considering the factors already given to you for evaluating the testimony of any other witness.

### 5.      WPI 2.13 - Insurance

Whether or not a party has insurance, or any other source of recovery available, has no bearing on any issue that you must decide. You must not speculate about whether a party has insurance or other coverage or sources of available funds. You are not to make or decline to make any award, or increase or decrease any award, because you believe that a party may have medical insurance, liability insurance, workers' compensation, or some other form of compensation available. Even if there is insurance or other funding available to a party, the question of who pays or who reimburses whom would be decided in a different proceeding. Therefore, in your deliberations, do not discuss any matters such as insurance coverage or other possible sources of funding for any party. You are to consider only those questions that are given to you to decide in this case.

### 6.      WPI 120.05 Business Invitee Definition

A business invitee is a person who is either expressly or impliedly invited onto the premises of another for some purpose connected with a business interest or business benefit to the occupier.

### 7.      WPI 120.06.01 Duty of Business Proprietor to Customer

The operator of a retail business owes to a person who has an express or implied invitation to come upon the premises in connection with that business a duty to exercise ordinary care. This includes the exercise of ordinary care to maintain in a reasonably safe condition those portions of the premises that such person is expressly or impliedly invited to use or might reasonably be expected to use.

8.      **WPI 120.07 Liability to Business or Public Invitee -Condition Not Created by the Owner or Occupier**

An occupier of premises is liable for any physical injuries to its customers caused by a condition on the premises if the occupier;

(a) knows of the condition or fails to exercise ordinary care to discover the condition, and should realize that it involves an unreasonable risk of harm to such customers;

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it; and

(c) fails to exercise ordinary care to protect them against the danger; and

(d) the dangerous condition is within those portions of the premises that the invitee is expressly or impliedly invited to use or might reasonably be expected to use.

9.      **WPI 10.01 - Negligence—Adult—Definition**

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

10.      **WPI 10.02 - Ordinary Care—Adult—Definition**

Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

### 11.   WPI 15.01 - Proximate Cause—Definition

The term "proximate cause" means a cause which in a direct sequence unbroken by any superseding cause, produces the event complained of and without which such event would not have happened.

There may be more than one proximate cause of an event.

**12.**    **WPI 15.04 - Negligence of Defendant Concurring with Other Causes**

If you find that the sole proximate cause of injury or damage to the plaintiff was some other cause or the act of some entity not a party to this lawsuit then your verdict should be for the defendant.

13.     **WPI 21.01 - Meaning of Burden of Proof—Preponderance of the Evidence**

When it is said that a party has the burden of proof on any proposition, or that any proposition must be proved by a preponderance of the evidence, or the expression "if you find" is used, it means that you must be persuaded, considering all the evidence in the case bearing on the question, that the proposition on which that party has the burden of proof is more probably true than not true.

### 14.    NCMI 1.3 - Duty of Jury

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**15.     NCMI 1.9 - What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

### 16.    NCMI 1.10 - What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence maybe was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

### 17.      NCMI 1.12 - Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

### 18.    NCMI 1.14 - Credibility of a Witness

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

### 19.     NCMI 2.13 - Expert Opinion

You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**20.     NCMI 1.6 - Burden of Proof – Preponderance of the Evidence**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

### 21.     WPI 11.01 - Contributory Negligence—Definition

Contributory negligence is negligence on the part of a person claiming injury or damage that is a proximate cause of the injury or damage claimed.

22.     **WPI 11.07 - Determining the Degree of Contributory Negligence**

If you find contributory negligence, you must determine the degree of negligence, expressed as a percentage, attributable to the person claiming injury or damage. The court will furnish you a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will apportion damages, if any.

### 23.    WPI 110.10 - Assumption of Risk—Contributory Negligence

Assumption of risk occurs when a person knows of a specific risk associated with using a product, understands the nature of the risk, voluntarily chooses to accept the risk by using the product, and impliedly consents to relieve the defendant of a duty of care owed to the person in relation to the specific risk.

Contributory negligence is negligence on the part of a person claiming injury or damage that is a proximate cause of the injury or damage complained of.

If you find assumption of risk or contributory negligence by the plaintiff, you must determine the degree, expressed as a percentage, to which plaintiff's assumption of risk and contributory negligence contributed to the claimed injury or damage. The court will furnish you a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will apportion damages, if any.

### 24.      NCMI 5.1 - Damages—Proof

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's negligence claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

[*Insert types of damages.  See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

25.     **NCMI 5.4 - Damages Arising in the Future—Discount to Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money that may be caused by future inflation.

### 26.     NCMI 3.1 - Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 27.      NCMI 3.5 - Return of Verdict

A verdict form has been prepared for you.  [*Explain verdict form as needed.*]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**28.     NCMI 4.1 - Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

### 29.    WPI 33.02 - Avoidable Consequences—Failure to Secure Treatment

A person who is liable for an injury to another is not liable for any damages arising after the original [injury] [event] that are proximately caused by failure of the injured person to exercise ordinary care to avoid or minimize such new or increased damages.

In determining whether, in the exercise of ordinary care, a person should have secured or submitted to medical treatment, as contended by(insert name of applicable party), you may consider [the nature of the treatment,] [the probability of success of such treatment,] [the risk involved in such treatment,] [(other factors in evidence),] and all of the surrounding circumstances.

(Insert name of applicable party)has the burden to prove(insert name of other party's)failure to exercise ordinary care and the amount of damages, if any, that would have been minimized or avoided.

### 30.   WPI 30.02.01 - Measure of Economic and Noneconomic Damages—Personal Injury—Contributory Negligence—No Counterclaim

It is the duty of the court to instruct you as to the measure of damages. [By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for the plaintiff, then] you must first determine the amount of money required to reasonably and fairly compensate the plaintiff for the total amount of such damages as you find were proximately caused by the negligence of the defendant, apart from any consideration of contributory negligence.

[If you find for the plaintiff,] [your verdict must include the following undisputed items:

(here insert undisputed past economic damage amounts)

In addition,] you should consider the following past economic damages elements:

(here insert appropriate elements from among phrases WPI 30.07.01, WPI 30.08.01, WPI 30.09.01, and WPI 30.10 through 30.16)

In addition you should consider the following future economic damages elements:

(here insert appropriate elements from among phrases WPI 30.07.02, WPI 30.08.02, and WPI 30.09.02)

In addition you should consider the following noneconomic damages elements:

(here insert appropriate elements from among phrases WPI 30.04 through 30.06)

The burden of proving damages rests upon the plaintiff. It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guess, or conjecture.

The law has not furnished us with any fixed standards by which to measure noneconomic damages. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.

31.     **WPI 30.07.01 - Measure of Economic Damages—Elements of Past Damages— Medical Expenses**

The reasonable value of necessary medical care, treatment, and services received to the present time.

**32.      WPI 30.08.02 - Elements of Future Damages—Loss of Earnings—Adult Plaintiff**

The reasonable value of [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] with reasonable probability to be lost in the future.

**33.    WPI 30.09.02 - Measure of Economic Damages—Elements of Future Damages— Domestic Services/Nonmedical Expenses**

The reasonable value of necessary [substitute domestic services] [nonmedical expenses]

[] that will be required with reasonable probability in the future.

**Verdict Form**

We the jury give the following answers to the questions submitted by the Court:

**<u>Question 1:</u>**          **Was Plaintiff negligent?**

                Answer Yes or No: _____

If you answered yes, then answer question 2. If you answered no, insert the number zero next to Plaintiff in question 5 and continued to question 3.

**<u>Question 2:</u>**          **Was Plaintiff's negligence a proximate cause of injury to Plaintiff?**

                Answer Yes or No: _____

If you answered yes, then answer question 3. If you answered no, insert the number zero next to Plaintiff in question 5 and continue to question 3.

**<u>Question 3:</u>**          **Was Defendant Rite Aid negligent?**

                Answer Yes or No: _____

If you answered yes, then answer question 4. If you answered no, insert the number zero next to Rite Aid in question 5 and continue to question 5.

**<u>Question 4:</u>**          **Was Defendant Rite Aid's negligence a proximate cause of injury to Plaintiff?**

                Answer Yes or No: _____

If you answered yes, then answer question 5. If you answered no, insert the number zero next to Rite Aid in question 5 and continue to question 5.

**<u>Question 5:</u>**          **What percentage of responsibility for Plaintiff's harm do you assign to the following? Insert a percentage for only those received "yes" answers in questions 2 and 4.**

                Plaintiff:          _____%

                Rite Aid:          _____%

                **TOTAL   100%**

**<u>Question 6:</u>**          **What do you find as Plaintiff's total damages?**

                Economic:          $_____

Non-economic:   $_____

Have the presiding juror sign and date this form.

Dated: ⸴  Presiding Juror: _____

### Voir Dire

1. Have you or a family member ever had a paper grocery bag break? If yes, describe:

   a.  What was the context?

   b.  What caused the bag to break?

   c.  What was in the bag?

   d.  Did you suffer any injury?

2. Have you or your family ever worked in the grocery industry? If so, pleas describe the details.

3. Have you ever had a negative experience at a Rite Aid? If so, please describe the details and share any opinions you may have about Rite Aid.

4. Have you or any member of your family ever worked in law enforcement or security services? If so explain the context.

5. Have you or your family members ever been terminated from work for allegedly abusing sick leave policy? If so please explain the context.

6. Have you or your family ever been involved in an investigation involving alleged sexual harassment?

7. Have you ever suffered a laceration injury to your skin? If so please explain the context.